UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOANNE WOLFE<br>   Plaintiff(s)<br>v.<br>INN AT THE OPERA<br>   Defendant(s).   E-filing | C 08-01491 PJH<br>SCHEDULING ORDER FOR CASES<br>ASSERTING DENIAL OF RIGHT OF<br>ACCESS UNDER AMERICANS WITH<br>DISABILITIES ACT TITLE III (42 U.S.C. §§<br>12181-89) |
|---|---|

FILED 08 MAR 18 PH 1:55 RICHARD W. WILKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

  IT IS HEREBY ORDERED that this action is assigned to the Honorable <u>Phyllis J. Hamilton</u>. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this Order and the assigned judge's pertinent Standing Orders. This case is otherwise exempt from Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

### CASE SCHEDULE

| Date | Event | Rule(s) |
|---|---|---|
| 3/18/2008 | Notice of removal filed | |
| 5/19/2008 | Last day for plaintiff to complete service on defendants or file motion for administrative relief from deadline | General Order 56; Civil Local Rule 7-11 |
| 7 days before Joint Site Inspection | Last day for parties to complete initial disclosures, including defendant's disclosure re: construction or alteration history of subject premises | FRCivP 26(a); General Order 56 ¶2; |
| 6/26/2008 | Last day for parties and counsel to hold joint inspection of premises, with or without meet-and-confer regarding settlement | General Order 56 ¶3,4; |
| 10 business days after Joint Site Inspection | Last day for parties to meet and confer in person to discuss settlement | General Order 56 ¶4; |
| 45 days after Joint Site Inspection | Last day for plaintiff to file "Notice of Need for Mediation" | General Order 56 ¶6; |
| 7 calendar days after mediation | Last day for plaintiff to file Motion for Administrative Relief Requesting Case Management Conference | General Order 56 ¶7; Civil Local Rule 7-11 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | No. C-          PJH |
| v. | **STANDING ORDER RE REMOVED CASES** |
| Defendant(s). | |

IT IS HEREBY ORDERED THAT upon removal of this action, the removing defendant or defendants shall, within ten (10) calendar days of the date of removal, file and serve a submission providing the following information:

1. Whether all defendants served at the time of removal joined in the notice of removal.

2. Whether the notice of removal was dated more than thirty (30) days after the first defendant was served.

3. If the action has been removed on the grounds of diversity jurisdiction, whether any defendant served at the time of removal is a citizen of California.

4. If the action has been removed on the grounds of diversity jurisdiction, the citizenship of all named plaintiffs and all named defendants (including the citizenship of all members or partners in any non-corporate party).

If plaintiff wishes to respond to defendant's submission, such response, if any, shall be filed and served within ten (15) calendar days of the date of the removal. Any motion to remand the action to state court based on any defect other than lack of subject matter jurisdiction shall be filed within thirty (30) days after removal. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Dated: _____

PHYLLIS J. HAMILTON
United States District Judge

Removal.ord                                    1

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.